IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER BROWN | : | CIVIL ACTION |
| v. | : | |
| TEVA PHARMACEUTICALS, INC., et al. | : | NO. 19-3700 |

MEMORANDUM

Bartle, J.                                              October 23, 2019

The plaintiff has before this court a motion to remand this action to the Court of Common Pleas of Philadelphia County under 28 U.S.C. § 1447(c).

Plaintiff has sued the defendants under state law for injuries suffered from the insertion and removal of a Paraguard Intrauterine Device. The plaintiff is a citizen of Florida while several of the defendants are citizens of Pennsylvania.

The events relevant to the pending motion all took place on the same day. The complaint was filed in the state court on August 16, 2019 at 10:06 a.m. The defendants, before they were served, filed a notice of removal in this court at 1:55 p.m. on the basis of diversity of citizenship. All defendants were served with a copy of the complaint at 2:15 p.m. At 4:11 p.m., the defendants filed their notice of removal on the docket of the state court.

Under 28 U.S.C. § 1441(a), a defendant may remove an action to the federal court where the court has original jurisdiction under 28 U.S.C. § 1332(a), that is where all plaintiffs have diverse citizenship from all defendants and the amount in controversy is in excess of $75,000, exclusive of interest and costs. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005). The defendant must file its notice of removal within thirty days after receipt, through service or otherwise, of the complaint or summons. See § 1446(b). However, an exception precluding removal of a diversity case exists under the forum defendant rule in § 1441(b)(2) which provides:

> a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). Plaintiff argues that removal was improper because several defendants are citizens of Pennsylvania, the forum state.

The Court of Appeals in Encompass Ins. Co. v. Stone Mansion Restaurant, Inc., 902 F.3d 147 (3d Cir. 2018) has held that removal by a forum defendant is allowed under § 1441(b)(2) if removal to the federal court occurs before the defendant has been served with the complaint. The Court concluded that "[i]ts

plain meaning precludes removal on the basis of in-state citizenships only when the defendant has been properly joined and served." Id. at 152. Defendants maintain that they removed the action before they were served as permitted in Encompass.[1]

Defendant must also meet several other requirements for removal under § 1446(d) including the filing of a copy of the notice of removal with the state court. It provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).

Plaintiff counters that Encompass does not apply and that remand to the state court is required because the defendants were served with the complaint before a copy of the notice of removal was filed in the state court. According to plaintiff, the removal by a defendant is not effective under § 1446(d) until the state court has a copy of the removal notice on its docket. It is undisputed that the defendants were served before this event occurred.

---

1. The removal bar under § 1446(d) is procedural, not jurisdictional under the circumstances presented here. Encompass, 902 F.3d at 152.

-3-

Under Encompass, as noted, an in-state defendant may remove a diversity action to the federal court if it does so prior to the time it is served with the complaint. While the Court of Appeals in passing referenced the notice of removal, it discussed removal generally without considering all of its requirements. It did not have before it any issue about the filing of a copy of the removal notice in the state court and did not mention § 1446(d).

Under § 1446(d), the defendant must notify all adverse parties in writing, must file a copy of the removal notice in the state court, and must do so promptly after the filing of the notice in the federal court. It is only after the filing of the removal notice in the state court that "the State Court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Significantly, § 1446(d) further provides that the written notification of all adverse parties and the filing of a copy of the removal notice with the state court clerk "shall effect the removal." Id. Plaintiff argues that until that notice is filed removal is not complete. As noted above, she contends that since the defendants were served before the removal was complete, the holding in Encompass allowing removal by an in-state defendant does not apply.

In Resolution Trust Corp. v. Nernberg, 3 F.3d 62 (3d Cir. 1993), our Court of Appeals had before it an action which was removed to the federal court by the substituted plaintiff, a federal agency, under a removal statute not relevant here. It did not file its notice of removal with the state court for thirty-four days. Resolution Trust, 3 F.3d at 69. In chastising the plaintiff for its dilatoriness but not deciding the case on this issue, the Court stated that state court jurisdiction continues until the notice of removal is filed with that court under § 1446(d). It explained, "[t]he requirement of notice to the state court is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction." Id. The Court was silent on the issue of federal jurisdiction during the thirty-four day period.

Our Court of Appeals in In Re Diet Drugs, 282 F.3d 220, 231 n.6 (3d Cir. 2002), citing § 1446(a) and (d), has now determined that no federal jurisdiction vests during this interim timeframe. It has instructed that "[r]emoval is effective upon filing a notice of removal in both the relevant federal and state courts."

The conclusion of our Court of Appeals in Diet Drugs fits with the unambiguous text of § 1446(d) which provides that defendant give written notice to all adverse parties and file a copy of the removal notice with the state court "which shall

effect removal." These words "which shall effect removal" can only mean that removal has not been accomplished and the federal court is not vested with jurisdiction until these requirements of § 1446(d) have been met. Otherwise the court would be reading out of the statute a key provision that Congress has included. See 14C Charles A. Wright and Arthur R. Miller, et al. Federal Practice and Procedure § 3736 (4th ed. 2018).

While defendants filed the notice of removal in the federal court before being served with the complaint, they filed a copy of the notice of removal in the state court after they were served. Removal was not completed when defendants were served. Diet Drugs, 282 F.3d at 231 n. 6. Consequently, defendants' reliance on Encompass is unavailing. Timing was everything, and plaintiff has won the race. The forum defendant rule under § 1446(d) bars the defendants here, which had been "properly joined and served," from effecting removal. My colleague Judge Michael M. Baylson has reached the same result under similar facts in another case, Doe v. Valley Forge Military Acad., 2019 WL 3208178 (E.D. Pa. July 15, 2019).

Accordingly, the motion of plaintiff to remand this action to the Court of Common Pleas of Philadelphia County will be granted.